IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM EDWARD ROBINSON, <br> Reg. No. 17160-002, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> CASE NO. 2:20-cv-443-MHT-JTA <br> (WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 wherein William Edward Robinson challenges his conviction for possession of a firearm as a convicted felon. (Doc. No. 1.)[1]

### I. BACKGROUND

On August 24, 2017, Robinson pled guilty under a plea agreement to the following counts in a superseding indictment:

- Conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1);

- Possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 5);

- Aiding and abetting use of a communication facility to facilitate a drug conspiracy, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Count 6);

---

[1] References to documents filed in this proceeding are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:17-cr-33-MHT) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

- Aiding and abetting use and maintenance of a drug-involved premises, in violation of 21 U.S.C. § 856(a) and 18 U.S.C. § 2 (Count 7);

- Aiding and abetting receipt and possession of a firearm not registered in the National Firearm Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 and 18 U.S.C. § 2 (Count 8); and

- Aiding and abetting possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4) and (c)(1)(a)(ii) and 18 U.S.C. § 2 (Count 9).

(Crim. Doc. No. 121.)

On January 25 2018, the district court sentenced Robinson to 110 months' imprisonment on Counts 1, 5, 7, 8, and 9 and to 48 months' imprisonment on Count 6, with all terms to run concurrently. (Crim. Doc. No. 115; Doc. No. 13-5 at 3.) Robinson took no direct appeal.

On June 6, 2020, Robinson filed this § 2255 motion asserting that his felon-in-possession conviction under 18 U.S.C. § 922(g)(1) should be vacated in light of the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because he did not understand his status as a person barred from possessing a firearm when he possessed the firearms that were the basis of the § 922(g)(1) charge. (Doc. No. 1 a 4.) For the reasons discussed below, the court recommends that Robinson's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II. LEGAL STANDARD

A prisoner is entitled to relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction;

(3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden to establish that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### III.  DISCUSSION

**A.   *Rehaif* and 18 U.S.C. § 922(g)(1)**

Robinson bases his § 2255 motion on the U.S. Supreme Court's interpretation of 18 U.S.C. § 922(g)(1) in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Under § 922(g)(1), it is unlawful for any person "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." A related provision, § 924(a)(2), adds that anyone who "*knowingly* violates" the first provision shall be fined or imprisoned for up to 10 years. (Emphasis added.) Before *Rehaif*, to secure a felon-in-possession conviction under § 922(g)(1), the government had to prove that (1) the defendant "knowingly possessed a firearm"; (2) the defendant was "previously convicted of an offense punishable by a term

3

of imprisonment exceeding one year"; and (3) the firearm "was in or affecting interstate commerce." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). In *Rehaif*, the Supreme Court extended the knowledge requirement to the second of these factors. 139 S. Ct. at 2200. After *Rehaif*, the government must prove that the defendant "*knew* he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession. *Id*. (Emphasis added.) This knowledge-of-status element recognized in *Rehaif* requires a defendant to have had knowledge he was a convicted felon when he was in possession of the subject firearm. *Id*. at 2195–96. *Rehaif* "requires that the government prove that the defendant knows he is a felon. It does not require the government to prove that the defendant knew that being a felon prevent[ed] him from possessing a firearm." *Lackland v. United States*, 2021 WL 50775 at *3 (N.D. Ala. Jan. 6, 2021).

**B.     Procedural Default**

In conclusory fashion, Robinson claims his § 922(g)(1) conviction should be vacated in light of *Rehaif* because, when he possessed the firearms that were the basis of the § 922(g)(1) charge, he did not understand his status as a person barred from possessing a firearm. (Doc. No. 1 a 4.)

Generally, before presenting a claim in a § 2255 motion, a petitioner must advance an available challenge to a conviction or sentence on direct appeal. *Lynn*, 365 F.3d at 1234. If a petitioner fails to raise the argument on direct appeal, then it is considered procedurally defaulted. *See Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) (applying the procedural default rule to a *Rehaif* claim based on an alleged involuntary guilty plea). If the procedural default is not waived by the government, a court can excuse procedural

4

default only in two circumstances: when the petitioner demonstrates (1) cause for the default and actual prejudice from the alleged error or (2) actual innocence. *Lynn*, 365 F.3d at 1235; *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Here, Robinson did not raise his *Rehaif* argument on direct appeal. Rather, he presents the argument for the first time in his § 2255 motion, and the government has not waived procedural default. (*See* Doc. No. 3 at 9–15; Doc. No. 10 at 3–4.) Therefore, the court must determine whether Robinson has shown that one of the exceptions to procedural default applies here. He has not.

### 1.     *Cause and Prejudice*

"'[C]ause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner may demonstrate cause where a "claim is so novel that its legal basis is not reasonably available to counsel," *Bousley*, 523 U.S. at 622-23 (citing *Reed v. Ross*, 468 U.S. 1, 16, (1984)). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020).

Although *Rehaif* was decided after Robinson's judgment of conviction became final, a "*Rehaif* [argument] was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020). "'[T]he question presented in *Rehaif* has been thoroughly and repeatedly litigated in the

courts of appeals for decades, and as such, it does not qualify under the novelty exception' to the procedural default rule." *United States v. Easley*, 2021 WL 2653252 at *6 (S.D. Ala. June 28, 2021) (quoting *Anderson v. United States*, 2020 WL 5803327 at *3 (S.D. Fla. Sept. 8, 2020)). *See Davis v. United States*, 2021 WL 4768638, at *5 (M.D. Ga. July 12, 2021) (discussing numerous cases in this circuit holding that a *Rehaif* claim is not "truly novel" to provide cause to excuse procedural default). Therefore, Robinson cannot show cause to overcome procedural default.

But even if Robinson could show cause (which he cannot), there is no evidence in the record of actual prejudice. To establish actual prejudice, the petitioner "must show that the error worked to his 'actual and substantial disadvantage,' not merely 'the possibility of prejudice.'" *Carlyle*, 836 F. App'x at 783 (quoting *Bane*, 948 F.3d at 1297). When it comes to § 922(g)(1)'s knowledge-of-status requirement, "[t]he government's obligation to prove knowledge is not 'burdensome' and it may be inferred from circumstantial evidence." *Id*. (citing *Rehaif*, 139 S. Ct. at 2198). As explained further below, the record contains ample evidence to find that Robinson had knowledge of his status under § 922(g)(1). Further, there is no evidence in the record to suggest that Robinson would otherwise have decided not to plead guilty.[2]

---

[2] The court agrees with the government's alternative argument (in addition to agreeing with the government's procedural-default argument) that any alleged *Rehaif* error in Robinson's case was harmless because Robinson cannot establish a reasonable probability that he would not have pled guilty had he earlier understood his status as a person barred from possessing a firearm. (Doc. No. 10 at 4–6). As explained further in this Recommendation, the record provides ample evidence that Robinson knew he was a felon when he possessed the firearms. *See United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (finding that where the record clearly demonstrates it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights). Moreover, the record is sufficiently clear that the government would

6

Robinson has failed to present an argument to excuse the procedural default under the cause-and-prejudice exception. And the record does not evidence either cause or prejudice.

### 2. *Actual Innocence*

The actual-innocence exception is exceedingly narrow and reserved only for extraordinary cases. *McKay v. United States*, 657 F.3d 1190, 1198–99 (11th Cir. 2011); *see Sawyer v. Whitley*, 505 U.S. 333, 341 (1992). Actual innocence is more than mere legal insufficiency; it means factual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *McKay*, 657 F.3d at 1197. To establish actual innocence, a petitioner must show that, in light of new reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To prove actual innocence from a § 922(g)(1) conviction after *Rehaif*, a petitioner must show he had no knowledge that he had been convicted of a felony at the time he possessed the firearm. *See* 139 S. Ct. at 2200; *see also, e.g., Hatcher v. United States*, 2022 WL 4474915, at *2 (N.D. Ala. Sept. 26, 2022). However, "most people convicted of a felony know that they are felons." *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020) And "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." *Id*. (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)).

---

easily have been able to prove Robinson knew of his status as a felon when he possessed the firearms at issue. There is little doubt that Robinson would still have pled guilty even if he had known the government had to prove his knowledge of his prohibited status.

7

Robinson claims he did not understand his status as a person barred from possessing a firearm at the time he possessed firearms. (Doc. No. 1 at 4.) However, the record reflects that Robinson had previously been convicted of four separate felony offenses. (*See* Doc. No. 5-1 at 14–15.)  He was sentenced to six years' imprisonment for one of those convictions and to 10 years on each of the other three convictions, and he actually served over two years' imprisonment for the convictions. (*Id*.) "[S]erving more than a year in prison provides circumstantial evidence of knowledge of felon status." *Innocent*, 977 F.3d at 1083. Thus, the record contains compelling evidence to find that Robinson knew of his status under § 922(g)(1).

Robinson has not shown that no reasonable juror would find he was unaware that he belonged to the class of persons prohibited from possessing a firearm. Consequently, he has failed to satisfy the exceedingly narrow actual-innocence exception.

### IV.   CONCLUSION

Robinson did not raise a *Rehaif* argument on direct appeal.  The government has asserted the defense of procedural default.  Robinson has not shown that either exception to procedural default applies in his case.  Therefore, it is the RECOMMENDATION of the Magistrate Judge that Robinson's § 2255 motion (Doc. No. 1) be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that by **March 6, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must

describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the district court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of February, 2023.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE